## Taylor Estate

*Edward Foulke, Robert C. Walker* and *W. H. Lathrop*, for accountants.

*Roland Fleer, Jules Pearlstine, S. H. Goodman* and *Adams Dodson*, for Union Bank and Trust Co., guardian.

*Louis M. Childs*, for beneficiaries.

VAN RODEN, P. J. (specially presiding), March 31, 1955.—The guardian of the estate of a minor descendant of decedent filed exceptions to the adjudication

nisi entered December 21, 1954. The exceptions, although seven in number, raise but two issues; namely whether Francis Gordon Lawson, a minor great-grandchild of testator is entitled to a share of the principal of the trust fund prior to the expiration of 21 years from the death of Marjory Taylor Hardwick, the minor's grandmother, and whether the guardian is presently entitled to receive a share of income from the trust. Both these questions were answered in the negative by the auditing judge.

The facts of the case are not disputed, the sole matter for determination being the proper construction of testator's will.

By his will testator devised and bequeathed his residuary estate in trust for the payment of net income unto his widow, Anita M. S. Taylor, for life, and then provided that:

"Upon the death of my daughter, Marjory T. Hardwick, my Trustee shall continue to hold the principal of the trust estate and shall collect the income therefrom and pay the share thereof to which my said daughter was entitled in her lifetime, less proper charges, to and among her children, and the issue of deceased children, share and share alike; the issue to take the share their parent would have been entitled to if living. As each child of my said daughter, Marjory T. Hardwick, who is living at the date of my death, attains the age of twenty-five (25) years, he or she is to receive one-quarter (¼) of the share of the principal represented by the income theretofore paid to him or her; one-quarter (¼) of such principal is to be paid to him or her upon attaining the age of thirty (30) years; one-quarter (¼) upon attaining the age of thirty-five (35) years; and one-quarter (¼) upon attaining the age of forty (40) years. Any child of my said daughter, Marjory T. Hardwick, who is born after my death, and the issue of any child of my

said daughter who shall predecease my daughter, shall receive a proportionate share of the income to which my said daughter was entitled in her lifetime, for the period of twenty-one (21) years after the death of my said daughter, at which time he or she is to receive the share of the principal represented by the income theretofore paid to him or her.

"In case any of the children, or the issue of deceased children, of my said daughter, Marjory T. Hardwick, shall die before having received his or her full share of the principal of my estate, leaving issue him, her or them surviving, then upon such event my Trustee shall immediately pay over the undistributed part of the principal which such deceased grandchild or issue would have been entitled to receive as hereinabove provided, if she or he had continued to live, to the then living issue of such children or issue of my said daughter in equal shares per stirpes.

"In case any of the children, or the issue of deceased children, of my said daughter, Marjory T. Hardwick, shall have died before having received his or her full share of the principal of my estate, without leaving issue him, her, or them surviving, such undistributed part of the principal as such deceased grandchild or issue would have received if he, she, or they had lived shall be held in trust for the benefit of or distributed to, as the case may be, the children of my said daughter then surviving, or the issue of any deceased child of hers per stirpes, upon the same trusts, in the same proportions, and in the same manner as herein provided with reference to original shares."

Testator's wife predeceased him on February 21, 1938. Upon his death, which occurred on June 23, 1943, his two daughters, Marjory Taylor Hardwick and Elisabeth Taylor Ely, became entitled to share equally in the income from the residuary trust estate.

Marjory Taylor Hardwick died on March 26, 1954, survived by two sons, Taylor Hardwick and Charles Arthur Hardwick, and by three minor grandchildren, including Francis Gordon Lawson, the son of Mrs. Hardwick's daughter, Anita Taylor Lawson, who predeceased Mrs. Hardwick on January 15, 1953. By decree of this court dated May 8, 1953, the Union Bank and Trust Company of Bethlehem was appointed guardian of the estate of Francis Gordon Lawson, and is the present exceptant.

Elisabeth Taylor Ely is still alive and is currently entitled to receive one half of the net income from the residuary trust estate.

With respect to the share of the trust fund from which Marjory Taylor Hardwick enjoyed the income during her lifetime, it is clear that each of her surviving sons is entitled to one third of her share of the income (or one sixth of the total distributable income). It is likewise clear that both sons being over twenty-five years of age, but less than thirty years of age, each is presently entitled to receive one fourth of his respective share of principal (or one twenty-fourth of the entire corpus of the trust). Such respective shares were properly awarded to them by the auditing judge in the adjudication nisi.

The present controversy involves the share which Anita Taylor Lawson, daughter of Marjory Taylor Hardwick, would have been entitled to receive had she survived her mother. The guardian of her minor son contended that the trust terminated with respect to this one-sixth share of corpus and requested the auditing judge to award this share of principal and a corresponding share of accrued income unto the guardian on behalf of Francis Gordon Lawson. The auditing judge held that this share of principal is distributable unto Francis Gordon Lawson only in the event that he survives his grandmother, Marjory

Taylor Hardwick by twenty-one years, and awarded such share back to the trustee for further administration and accounting. With respect to the income from such one-sixth share, the auditing judge held that the trustees were entitled to retain same and to apply it toward the maintenance, education and support of the minor, Francis Gordon Lawson, without the intervention of the guardian, and this was reflected in the award made by the auditing judge.

As stated by the auditing judge in the adjudication nisi:

"A careful reading of the entire will leads rather definitely to the conclusion that it was testator's testamentary scheme that his widow should first enjoy the income from his estate, that upon·her death his daughters should enjoy such income for and during their respective lives, and that neither his wife nor his daughters should receive any portion of the principal. With respect to his grandchildren, however, he directed distribution of principal to them as they attain various ages, but in no event does any grandchild become entitled to any principal prior to the age of 25 years. Testator visualized the possibility that some grandchild might predecease a child and he desired that the issue of such grandchild would be included as a beneficiary of the trust, but at the same time he was anxious not to violate the rule against perpetuities. Accordingly, he expressly provided that any child of his daughter, born after his death and the issue of any child of said daughter who shall predecease the daughter shall receive a proportionate share of income 'for the period of twenty-one (21) years after the death of my said daughter, at which time he or she is to receive the share of the principal represented by the income theretofore paid to him or her.' This language of the will not only avoids any problem of perpetuities but in addition thereto places a child of Marjory born

after testator's death and the issue of a child of Marjory who dies before Marjory in the same category. It is further evident that testator intended that any such after-born child or the issue of a child of Marjory who shall predecease Marjory must survive Marjory to be entitled to participate in the trust. As the event occurred, no child was born to Marjory after testator's death, but one of her children, Anita Lawson, predeceased Marjory, leaving a child who survived Marjory. Such child is entitled under the terms of decedent's will to participate in income but becomes entitled to enjoy principal only if he survives Marjory by 21 years.

"Although in the subsequent paragraph, decedent provided that in case any of the children or issue of deceased children of Marjory 'shall die before having received his or her full share of the principal of my estate, leaving issue him, her or them surviving, then upon such event my Trustee shall immediately pay over the undistributed part of the principal which such deceased grandchild or issue would have been entitled to receive as hereinabove provided, if she or he had continued to live, to the then living issue of such children or issue of my said daughter in equal shares per stirpes', the court is of the opinion that by such language decedent intended to insure that the issue of any deceased grandchild would benefit from the trust but did not intend thereby to place such issue in a better position than such grandchild. In other words, decedent still intended that no issue of any such deceased grandchild would become entitled to principal until 21 years after the date of Marjory's death, receiving only the benefit of a proportionate share of income in the meanwhile.

"Accordingly, the court cannot accede to the request of the minor's guardian for an award of one sixth of the principal at this time. Such share of principal will

be distributed to Francis Gordon Lawson in the event that he survives Marjory by 21 years but only in such event.

"With respect to the distribution of income, the court is obliged to determine whether such income is presently distributable unto the guardian of the minor's estate or is to be retained by the trustees for the benefit of the minor. This question is answered specifically by the will, wherein testator provided that if any minor grandchild shall be entitled to income from the trust, 'such income shall be applied by my Trustee towards such minor's maintenance, education and support, the receipt of a parent or duly appointed guardian to be a sufficient acquittance or discharge to my said Trustee for payments so made.' The court is of the opinion that decedent contemplated the word 'grandchild' as including great-grandchildren, his intention being that minor descendants should have the advantage of the judgment and discretion of the trustee named in the will with respect to the application of income for the minor's benefit, rather than to depend on the discretion of either the natural parent or some subsequently appointed guardian.

"Accordingly, the court cannot acquiesce in the request of the guardian for distribution of a one-sixth share of accrued income to the guardian at this time. Such income will be awarded back unto the accountants for the benefit of the minor in accordance with the terms of decedent's will."

After a full and careful review of the entire case, including a re-reading of testator's entire will, a study of the written briefs submitted by counsel and also consideration of the oral arguments advanced by counsel, the court is of the opinion that the findings, conclusions and award made by the auditing judge were proper and just and in conformity with testator's designated scheme as expressed in his will. The excep-

tions to the adjudication nisi must therefore be dismissed.

Accordingly, the court enters the following

### Decree

And now, to wit, March 31, 1955, it is hereby ordered, adjudged and decreed as follows:

1. The exceptions of the Union Bank and Trust Company of Bethlehem, guardian of the estate of Francis Gordon Lawson (minor), to the adjudication nisi dated December 21, 1954, be and the same are hereby dismissed.

2. The adjudication dated December 21, 1954, is hereby ratified and confirmed absolutely.

3. The parties shall bear their respective costs.